IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY,<br><br>**Plaintiff,**<br><br>v.<br><br>EAGLE EYE TRUCK LINES, LLC;<br>THE ESTATE OF NICOLE JORDAN;<br>CHRISTIAN DETTLE, individually and<br>as personal representative of THE<br>ESTATE OF LAURA LYONS;<br>CAROLYN DETTLE; and<br>CAROLYN JORDAN,<br><br>**Defendants.** | Case No. 22-CV-147-JFH-JFJ |

## OPINION AND ORDER

Before the Court is a motion to stay pending determination in the underlying state court proceeding ("Motion") filed by Defendant Eagle Eye Truck Lines ("EETL"). Dkt. No. 15. Plaintiff National Casualty Company ("NCC") opposes the Motion. Dkt. No. 18. For the reasons stated, EETL's Motion is GRANTED.

### BACKGROUND

NCC filed this declaratory action to determine its obligations in an Oklahoma state court suit. Dkt. No. 2. NCC provides general liability insurance to EETL. *Id.* at 4. EETL is a named defendant in Nowata County, Oklahoma, Case No. CJ-2022-5 (the "Oklahoma Lawsuit"), which concerns a fatal accident involving one of EETL's vehicles. *Id.* at 3-4. Two EETL employees, who were family members of each other, died in the accident. *Id.* The estate of one family member has now sued the estate of the other, alleging negligence, wrongful death, and loss of consortium. Dkt. No. 2-1. The Oklahoma Lawsuit's petition alleges that its claims fall within the Oklahoma

state constitution but outside of the Oklahoma Worker's Compensation Act. *Id.* at 2. It seeks compensatory and punitive damages. *Id.* at 4.

NCC provides general commercial and automobile liability insurance to EETL. Dkt. No. 2 at 4-7. The policy has several exclusions, including various workers' compensation and bodily injury carve-outs. *Id.* The policy also has an "MCS-90 Endorsement" relating to injury or death of employees and an exclusion for punitive damages. *Id.* at 8-9. Based on these exclusions and endorsement, NCC seeks a declaratory judgment from the Court under 28 U.S.C. § 2201 that it has no obligation to defend or indemnify EETL in or pay any claims relating to the Oklahoma Lawsuit. *Id.* at 11.

EETL requests the Court stay NCC's declaratory judgment action until the appropriate choice of law can be determined in the Oklahoma Lawsuit. Dkt. No. 15. It states possible applicable laws are those of Michigan, Arizona, Kentucky, or Oklahoma. *Id.* at 2. Michigan, Arizona, and Kentucky have statutes providing exclusive workers' compensation remedies for wrongful death. *Id.* The parties appear to agree that if one of these states' laws govern, NCC's general commercial and automobile liability insurance would not apply and NCC would have no obligation to defend, indemnify, or pay damages on behalf of EETL. However, the Oklahoma Supreme Court recently struck down a similar workers' compensation statute as violative of the Oklahoma state constitution. Dkt. No. 19 at 2 (discussing *Whipple v. Phillips & Sons Trucking, LLC*, 474 P.3d 339 (Okla. 2020)). If the court in the Oklahoma Lawsuit applies Oklahoma law, EETL states it "will assert coverage under [NCC's general and automotive liability] policy, which violates Oklahoma's compulsory motor vehicle insurance law and public policy by excluding coverage of a passenger." Dkt. No. 19 at 3.

## AUTHORITY AND ANALYSIS

The Declaratory Judgment Act states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. This statute "confers upon district courts 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Discretion to hear declaratory actions is based in part on the reasoning that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). The Tenth Circuit has adopted five factors for a district court to evaluate in determining whether to use its discretion to dismiss or stay a declaratory action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; [4] whether use of declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Las Cruces*, 289 F.3d at 1187 (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994)).[1]

---

[1] NCC initially argues a stay is not appropriate because there is not identity of parties and issues between the Oklahoma suit and this one. Dkt. No. 18 at 7. The Tenth Circuit does not require exact identity of parties and issues. *Las Cruces*, 289 F.3d at 1182. "Rather, state and federal proceedings are sufficiently parallel if substantially the same parties litigate substantially the same issues." *Id.* (quotation omitted). Here, though NCC is not a named party to the Oklahoma Lawsuit, it currently provides a defense to EETL in that lawsuit. Both lawsuits involve EETL's potential liability regarding a particular trucking accident. NCC filed this lawsuit seeking to extract itself

3

The Court begins unconventionally with the fourth factor: whether use of a declaratory action would increase friction between this Court and Oklahoma courts and improperly encroach upon state jurisdiction. The Court finds that it would at this juncture. The proper choice of law in the Oklahoma Lawsuit has not been litigated. Here, this Court should not decide choice of law for another tribunal. Any attempt to do so would cause friction and encroachment upon the Oklahoma Lawsuit. With this unresolved choice of law in the Oklahoma Lawsuit, the other *Mhoon* factors also weigh toward a stay.

Regarding the first and second factors, a declaratory judgment at this time would not settle or serve a useful purpose in the controversy or legal relations at issue. Until the Oklahoma court determines proper choice of law, much of each party's argument is speculative and neither party's argument would bring resolution or clarification to their situation. If the court in the Oklahoma Lawsuit applies the law of Michigan, Arizona, or Kentucky, EETL concedes that NCC has no obligation to it. Dkt. No. 15 at 5; Dkt No. 19 at 6. Should the Court issue a declaratory judgment interpreting Oklahoma law and Oklahoma law is later not chosen, the Court would have wasted valuable and already strained judicial resources in this District[2] on an issue that never truly ripened. Conversely, if the court in the Oklahoma Lawsuit applies the law of Oklahoma, EETL asserts that it will ask the Court to resolve a question of first impression involving state constitutional law. Dkt. No. 19 at 6. Should the Court issue a declaratory judgment interpreting Oklahoma law through NCC's requested lens of "well-worn principles of contract interpretation" [Dkt. No. 15 at

---

from involvement in the Oklahoma Lawsuit. This is sufficient parallelism for the Court to consider the *Mhoon* factors.

[2] *See Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022) (describing the "significant challenge for the Federal Government and for the people of Oklahoma" and the impact on this Court in the wake of *McGirt v. Oklahoma*).

3] and Oklahoma law is later chosen, the Court would still likely have wasted scant judicial resources, as EETL has indicated it will pursue its constitutional argument and would likely move for reconsideration.

As to the third factor, there is a likelihood of procedural fencing or a race to res judicata. NCC admits in its complaint that it is currently providing a defense under a reservation of rights to EETL in the Oklahoma Lawsuit. Dkt. No. 2 at ¶ 20. It asks this Court to rule that it may cease providing a defense. NCC apparently wants the question of its potential obligation to be resolved by this Court before the Oklahoma court can even reach choice of law, despite the state laws and policies potentially implicated in the Oklahoma Lawsuit. While NCC is correct that "a declaratory action by an insurer to establish nonliability under casualty insurance was one of the prime purposes of the Declaratory Judgment Act," *W. Cas. & Sur. Co. v. Teel*, 391 F.2d 764, 766 (10th Cir. 1968), that policy rationale does not override the Court's "unique and substantial discretion in deciding whether to declare the rights of litigants" in a Declaratory Judgment Act case, *Las Cruces*, 289 F.3d at 1183 (quoting *Wilton*, 515 U.S. 286). In its Motion (and clarified in its reply), EETL provides a reason why this case may not present a standard insurance nonliability determination. *See* Dkt. No. 15 at 2-3; Dkt. No. 19 at 2-3. While the Court does not resolve EETL's question in this Order, the question's existence is sufficient for this factor to weigh in favor of a stay.

As to the fifth and final factor, it is notable that EETL does not request dismissal of this case—only a stay. *See* Dkt. No. 15. Application of the *Mhoon* factors "involves some measure of prognostication . . . [with] such questions as whether the state proceedings will *likely* adjudicate the claims of the federal parties and whether the federal proceeding will serve any useful purpose considering the *likely* scope of the state proceeding." *Las Cruces*, 289 F.3d at 1192 (emphasis in

original). A stay "allow[s] the district court to quickly reconsider whether the state forum remains the best in which to hear the federal parties' claims should the court's predictions regarding the scope of the state proceedings turn out to be erroneous." *Id.* The Tenth Circuit's reasoning in *Las Cruces* is especially applicable here. In three of four potential outcomes for the Oklahoma suit's choice of law, the case will likely be moot. In the fourth, this case may present a novel question of Oklahoma law. It is thoroughly appropriate for the Court to minimize prognostication and use of judicial resources, exercise its discretion, and stay the case until the Oklahoma Lawsuit's choice of law is resolved.

## CONCLUSION

IT IS THEREFORE ORDERED that the motion to stay [Dkt. No. 15] is GRANTED.

IT IS FURTHER ORDERED that within 30 days of a ruling on choice of law in Nowata County Case No. CJ-2022-5, the parties shall file a copy of the ruling on the docket in this case. Simultaneously with this filing, the parties shall file a joint status report informing the Court whether they believe the Oklahoma court's ruling moots this action.

Dated this 27th day of July 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE